IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WHITMIRE DISTRIBUTION CORP., et al., | |
| Plaintiffs, | Civil Action No. H-99-0010 |
| v. | Judge Werlein |
| SANDRA E. TAYLOR, et al., | |
| Defendants. | |

## AGREED PRELIMINARY INJUNCTION

The Court, based upon the representations of counsel and upon the agreement of counsel for the parties, determines that the requirements for the issuance of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure have been satisfied and that the parties have agreed and stipulated to the entry of this Preliminary Injunction, which shall remain in full force and effect for a period of six months following the entry of this Agreed Preliminary Injunction.

WHEREFORE, IT IS HEREBY ORDERED that Defendants Sandra E. Taylor, Russell L. Smith, James H. Stevens, James Love, Frances O. Parker and Drew Z. Ragland, as well as any other person in active concert with such parties who receive actual notice of this order (hereinafter collectively and individually referred to as "Defendants") shall be enjoined for a period of six months following entry of this Agreed Preliminary Injunction from the following conduct and activities:

21

A.  Defendants shall not, during the term of this Agreed Preliminary Injunction contact and/or solicit, for any business purpose, customers of Cardinal Health, Inc. and/or Whitmire Distribution Corp. (hereinafter collectively and individually referred to as "Cardinal") that Defendants serviced and/or solicited individually or collectively while Defendants were employed by Cardinal. This prohibition shall not apply to any customer for whom Walsh Distribution, Inc. was the primary vendor as of March 16, 1999, to any customer of Cardinal that was not solicited or serviced by Defendants while they were employed by Cardinal, or to any prospective customer of Cardinal that was solicited by Defendants but who were not primary customers of Cardinal at the time of Defendants' termination of employment with Cardinal. A primary vendor is one that provides at least 80% of the particular customer's purchase volume.

B.  Defendants will not use or disclose any of Cardinal's trade secrets, if any, as defined by Texas law.

C.  Defendants represent that they do not have any documents that they obtained from Cardinal or that were developed during their employment with Cardinal. In the event that Defendants discover any such documents during the period of this Agreed Preliminary Injunction, they will return such documents to Cardinal immediately without making or retaining any copy thereof.

D.  Defendants will not contact or participate in the recruitment of any individual employed by Cardinal at its Waco or Houston divisions during the term of this Agreed Preliminary Injunction. This prohibition shall not apply to employees of Cardinal at facilities other than the Waco or Houston divisions or to individuals who were employed by the Waco or Houston divisions but have subsequently terminated their employment with Cardinal. Nothing in this prohibition shall in any manner prevent Defendants from having social contact with employees of Cardinal's Waco or Houston divisions.

In addition to the foregoing provisions, IT IS FURTHER ORDERED that the parties shall not make disparaging statements or comments about any other party during the term of this Agreed Preliminary Injunction. Additionally, IT IS FURTHER ORDERED that the parties shall not discuss this litigation and that the only response by either party shall be that the matter has been resolved to the satisfaction of the parties. Further, before seeking enforcement of this Agreed

Preliminary Injunction, the party asserting a breach must provide counsel for the other party at least five (5) days written notice prior to seeking enforcement from this Court. This Court shall retain jurisdiction over this action solely for the purpose of any enforcement of this Agreed Preliminary Injunction during its term.

IT IS SO ORDERED.

June 23, 1999

_____
United States District Judge

APPROVED:

_____
Cynthia Thomson Diggs
State Bar No. 18554600
Bruckner & Sykes
Suite 3900
5847 San Felipe
Houston, TX 77057

Attorney for Plaintiffs

_____
W. Irl Reasoner
Habash, Reasoner & Frazier
Suite 1600
471 East Broad Street
Columbus, OH  43215

Attorney for Plaintiffs



_____
Carla Cotropia
State Bar No. 04858700
Suite 3950
Chase Tower
600 Travis
Houston, TX  77002

Attorney for Defendants

4